UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MANUEL CHAVEZ, *on behalf of himself, individually, and on behalf of all others similarly situated,*

         Plaintiffs,

 -against-

JAMES MCGOWAN & SONS OF SEA CLIFF, INC., et al,

         Defendants.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-00411(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

 Presently before the Court in this wage and hour action is Plaintiff Manuel Chavez's ("Chavez," "Plaintiff" or "Named Plaintiff") motion for conditional certification and a Court-authorized notice and consent form (the "Proposed Notice and Consent Form") pursuant to 29 U.S.C. § 216(b), *see generally* Memorandum of Law in Support of Plaintiff's Motion for Conditional Certification ("Pl.'s Mem."), Docket Entry ("DE") [23], which Defendants oppose, *see* Defendants' Letter Response in Opposition ("Def. Opp. Ltr."), DE [26]. Chavez, on behalf of himself and all others similarly situated, alleges violations of: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; and (iii) N.Y. Lab Law § 190 *et seq.*, against Defendants John McGowan & Sons of Sea Cliff, Inc., John McGowan & Sons of N.Y., Inc. and John McGowan & Sons, Inc. (the "Corporate Defendants"), all doing business as "John

1

McGowan & Sons", and individuals, James McGowan ("James") and John J. McGowan III ("John") (collectively with the Corporate Defendants, the "Defendants").[1]  *See* Complaint ("Compl."), DE [1].

For the reasons set forth herein, Plaintiff's motion is granted in part and denied in part.  This matter is conditionally certified as an FLSA collective action, with the collective defined as all non-managerial laborer employees, who between January 24, 2022, and the present, performed any work for Defendants and who choose to opt-in to the case.  Plaintiff is to serve Defendants with the finalized notice and consent forms, which must comply with this Memorandum and Order, by November 20, 2025.  The parties are to file a joint letter motion for Court approval of the notice and its dissemination by December 10, 2025.  Any objections to the notice's compliance with this Order should be included with the letter motion.  A three-year statute of limitations will be applied and tolled from the time Plaintiff filed the instant motion, June 25, 2025, through the date of this Memorandum and Order, November 5, 2025.

Regarding the notice: (i) Defendants are to produce a computer-readable list including the last known addresses, phone numbers, primary languages spoken, dates of employment and rates of pay for the putative collective members by November 20, 2025; (ii) after receiving Court approval of the notice, Plaintiff is permitted to send the notice and consent forms *via* first class mail and SMS text

---

[1] Defendants' opposition to this motion argues that Plaintiffs are not and have never been employees of John McGowan & Sons of N.Y., Inc., as it is a real estate holding company without any employees. *See* DE [25] ¶ 7.  For purposes of the motion, this Court considers Plaintiff's version of the event as true.  Nevertheless, the parties may address this concern during discovery.

2

message along with a reminder notice to be distributed in the same manner as the initial notice 30 days later; (iii) Plaintiff is permitted to have certified translations made, for all forms, in the primary languages included in Defendants' computer-readable list discussed above; (iv) putative collective members have 60 days to opt in to this case following the mailing of the initial notice; and (v) Defendants are directed to conspicuously post the Court-approved notice of lawsuit in their office, and submit an affidavit as proof establishing the posting.

I. BACKGROUND

Unless otherwise indicated, the following facts are taken from the Complaint, and the declarations submitted in support of Plaintiff's motion. *See* June 19, 2025, Declaration of Manual Chavez ("Chavez Decl."), DE [23-4]; June 19, 2025, Declaration of Robert Zelaya ("Zelaya Decl."), DE [23-5]. The facts set forth herein are accepted as true for the purposes of this motion.

A. Relevant Facts

The Corporate Defendants operate as a single integrated construction business with a primary location in Sea Cliff, New York. Compl. ¶ 13. Currently, and throughout all relevant periods, Defendants James and John have served as the owners of the Corporate Defendants, and as the Corporate Defendants' President and Vice President, respectively. *Id.* at ¶ 14. Plaintiffs Chavez and Zelaya[2] worked for Defendants as non-managerial laborers and their primary responsibilities consisted

---

[2] At the time the Complaint was filed, Chavez was the only Plaintiff. Plaintiff's counsel filed Zelaya's consent to join the collective action on that same day, January 24, 2025. *See* DE [4], [5].

3

of performing asphalt and paving work, shoveling and completing general laboring tasks at various jobsites primarily in Nassau and Suffolk Counties. *See* Chavez Decl. ¶¶ 2-3; Zelaya Decl. ¶¶ 2-3. Chavez was employed by Defendants from around June 2022 until approximately July 2023. *See* Chavez Decl. ¶ 2. Zelaya worked for Defendants from in or around September 2020 until about October 15, 2023. *See* Zelaya Decl. ¶ 2.

### i. Plaintiff's Allegations

Chavez alleges that Defendants failed to pay overtime wages in violation of the FLSA and the NYLL and failed to appropriately compensate him (and other non-managerial employees) the statutorily required amount of one and a half times his regular hourly rate of pay for hours worked over forty in any given week. *See* Chavez Decl. ¶ 7. Instead, Chavez received a flat weekly salary of $1,300.00 regardless of the number of hours he worked. *Id*. at ¶ 6. Zelaya makes similar allegations regarding Defendants' failure to pay overtime wages. *See* Zelaya Decl. ¶¶ 6-7. Until September 2022, Zelaya received a set weekly salary, which started at $1,260.00, and was raised to $1,600.00 in June 2021. *Id*. at ¶¶ 5-6. Throughout Chavez's and Zelaya's employment, Defendants failed to provide either of them with a wage notice or wage statements to accompany their weekly paychecks. Compl. ¶ 38.

Plaintiff alleges that, while employed by Defendants, he and the putative collective members were "employees" entitled to protections pursuant to the FLSA and the NYLL. *Id*. at ¶ 9. During the relevant time period, the Corporate Defendants were New York corporations with their principal place of business in Sea Cliff, New

4

York, and qualify as "employers" within the meaning of the relevant statutes. *Id.* at ¶¶ 9-13, 25.

### ii. FLSA Collective Allegations

Chavez seeks certification of a collective defined as "all non-managerial laborer employees, who during the applicable FLSA limitations period, performed any work for Defendants and who choose to opt-in to the case." Pl.'s Mem. at 1. With regard to the putative collective members, Plaintiff alleges that: (1) Defendants paid all non-managerial laborer employees who worked at various job sites, in the same manner as they paid Chavez, including failing to provide overtime premiums where required, and instead receiving a daily or weekly flat rate; and (2) while employed by Defendants, Plaintiff observed at least 32 non-managerial laborers, ten of whom he identifies by name, who performed the same tasks and worked at similar times as Plaintiff. *See* Chavez Decl. ¶¶ 7-10.

### B. Procedural History

By way of a Complaint dated January 24, 2025, Chavez commenced this action against all Defendants. *See generally* Compl. As outlined above, the claims consist of alleged violations of the FLSA and NYLL. *See id.* at ¶ 1. Defendants answered on April 7, 2025, denying all claims and asserting 26 affirmative defenses, including that Defendants, during the applicable time period, were not Plaintiff's employer within the meaning of the relevant statutes, and therefore the Complaint fails to state a cause of action. *See* Defendants' Answer *(*"Def. Answer*")* DE [16], ¶ 58. This Court held an Initial Conference on May 28, 2025, where the parties' discovery deadlines were set. *See* DE [20],[21]. On June 25, 2025, Plaintiff moved for conditional

certification by letter motion, Defendants submitted their opposition on July 14, 2025, and Plaintiff filed a reply on August 5, 2025.  *See* DE [23],[25],[26].

The Court grants in part and denies in part the Named Plaintiff's motion for the reasons described herein.

## II.  CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE PURSUANT TO SECTION 216(b) OF THE FLSA

### A.  Legal Standard

The FLSA permits employees to maintain a collective action "for and [o]n behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). "[D]istrict courts 'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffman–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169, 110 S. Ct. 482, 486 (1989)).

The Second Circuit employs a two-step process to determine whether an FLSA § 216(b) collective action should be certified.  First, the Court evaluates whether the proposed collective members are "similarly situated" to the Named Plaintiff.  *See Cajilema v. Barrett Roofs, Inc.*, No. 23-CV-0080 (GRB) (AYS), 2024 WL 5146024, at *4 (E.D.N.Y. Dec. 17, 2024); *Rodolico v. Unisys Corp.*, No. 95-CV-3653 (ADS) (WDW), 199 F.R.D. 468, 480 (E.D.N.Y. 2001).  If the Court finds that the putative class is sufficiently similarly situated, the action will be conditionally certified, and each collective member may then consent in writing to opt in to the litigation.  *See Cajilema,* 2024 WL 5146024, at *4.  (citing 29 U.S.C. § 216(b)).  The second step

6

usually occurs after the completion of discovery. There the Court will examine the evidentiary record to determine whether the opt-in plaintiffs are in fact 'similarly situated' to the named plaintiffs, and if so the class status will continue. *See Castillo v. Perfume Worldwide Inc.*, No. 17-CV-2972 (JS) (AKT), 2018 WL 1581975, at *3 (E.D.N.Y. Mar. 30, 2018) (citing *Rosario v. Valentine Ave. Discount Store, Co.*, No. 10-CV-5255 (ERK) (LB), 828 F. Supp. 2d 508, 514 (E.D.N.Y. Nov. 2, 2011)). The present motion concerns the first step of the process.

While conditional certification is not automatic, the standard of proof required at the first stage to determine whether "similarly situated" plaintiffs exist is low. *See Myers*, 624 F.3d at 555. The named plaintiff seeking certification "need only make a modest factual showing [sufficient to demonstrate that] they, and potential class plaintiffs together, were victims of a common policy or plan that violated the law." *Neris v. R.J.D. Constr., Inc.*, No. 18-CV-1701 (ADS) (AKT), 2019 WL 1458239, at *3 (E.D.N.Y. Mar. 29, 2019) (internal quotation marks and citation omitted). At this stage, a movant need only establish that a factual nexus exists between the named plaintiff's situation and that of potential opt-in plaintiffs. *Gonzalez v. Wicked Taco LLC*, 764 F. Supp. 3d 77, 95 (E.D.N.Y. Jan. 31, 2025), reconsideration denied, 772 F. Supp. 3d 284 (E.D.N.Y. Mar. 25, 2025), objections overruled, No. 23-CV-09555 (NCM) (JAM), 2025 WL 2384040 (E.D.N.Y. Aug. 18, 2025) (citing *Calderon v. King Umberto, Inc.*, No. 11-CV-6278 (LDW) (ETB) 892 F. Supp. 2d 456, 459 (E.D.N.Y. Sept. 25, 2012)). "It is not necessary for the purposes of conditional certification that the prospective class members all performed the same duties, or worked during the same

time periods, or worked at the same locations as the named plaintiffs." *Zimnicki v. Krysiak Constr. Corp.*, No. 21-CV-04634 (RPK) (JRC), 2022 WL 17820139, at *8 (E.D.N.Y. Sept. 27, 2022) (internal quotation marks and citation omitted).

### B. Analysis

#### i. Conditional Certification

Here, Plaintiff has made a factual showing that potential opt-in plaintiffs are sufficiently similarly situated to grant conditional certification. As employees of Defendants, putative class members are subject to similar wage and hour practices to Chavez — they work similar hours, in excess of 40 per week, and are paid flat salaries by Defendants, with no statutorily mandated overtime pay. *See Chavez Decl.* ¶¶ 7-9; Zelaya Decl. ¶¶ 8-11 (stating that Zelaya is paid a flat rate and not compensated overtime premiums for hours worked in excess of 40 per week, and that he observed other laborers compensated in the same manner). In addition, Chavez and Zelaya identified 10 employees by name, who are paid in a similar fashion, and state that they observed another 22 laborer employees that qualify as putative class members. *See* Chavez Decl. ¶ 8; Zelaya Decl. ¶ 9. This showing is sufficient for conditional certification. *See, e.g., Juarez v. 449 Restaurant, Inc.*, 29 F. Supp. 3d 363, 369 (S.D.N.Y. 2014) ("In assessing the adequacy of a plaintiff's showing, district courts look to pleadings, affidavits, and declarations, but often authorize notice based solely on the personal observations of one plaintiff's affidavit.") (internal quotation marks and citation omitted); *Enriquez v. Cherry Hill Market Corp.*, 10-CV-5616 (FB) (ALC), 2012 WL 440691, at *2 (E.D.N.Y. Feb. 10, 2010) (granting conditional

8

certification with only the named plaintiff and one opt-in plaintiff submitting an affidavit).

In opposition, Defendants submit declarations signed by six employees that Plaintiff and Zelaya name in their declarations as being similarly situated. *See* DE [26-2]-[26-7]. The affidavits, in summary, state that these employees are not similarly situated because they received proper compensation. *See* DE [26-2]-[26-7]. While Defendants' supporting declarations may contain facts that are appropriate for decertification at a later stage in this litigation, they do not defeat Plaintiff's motion for conditional certification here. *See Batres v. Valente Landscaping, Inc.*, No. 14-CV-1434 (LDW) (WDW), 2014 WL 2111080, at *1 (E.D.N.Y. May 21, 2014) (during the first step in the certification process, "[t]he court is not to resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations") (internal quotation marks and citation omitted); *see also Amador v. Morgan Stanley & Co. LLC*, 2013 WL 494020, at *8 (S.D.N.Y. Feb. 7, 2013) ("statements gathered by an employer from its current employees are of limited evidentiary value in the FLSA context because of the potential for coercion" and that "courts in this Circuit regularly conclude that such declarations do not undermine the plaintiffs' showing in the first stage of the conditional certification process") (citation omitted). Accordingly, this FLSA collective action is conditionally certified.

  **ii.**   **<u>Notice Period</u>**

After granting conditional certification, the Court must determine the appropriate time frame applicable to the collective. The Court concludes that a three-

9

year statute of limitations[3] is appropriate and the statute of limitations will be tolled from the time Plaintiff filed the instant motion to the date of this Memorandum and Order. For all plaintiffs, including Chavez, "[t]he statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until plaintiff files the written consent form and signed consents do not relate back to the original filing of the complaint." *Thind v. Healthfirst Management Services*, LLC, 2015 WL 4554252, at *3 (S.D.N.Y. Jul. 29, 2015) (internal quotation marks and citation omitted). For Chavez, who filed his complaint on January 24, 2025, the statute of limitations has run on any claim that occurred prior to January 24, 2022. As to the opt-in plaintiffs the statute of limitations will run from three years prior to the date that they filed their consent forms.

    a. <u>Applicable Notice Period</u>

Plaintiff's proposed class includes non-managerial employees who worked for Defendants at any time between January 24, 2022, to the present. *See* Pl.'s Mem. at 4. The FLSA has a two-year statute of limitations, except in cases of willful violations, for which a three-year period applies. *See* 29 U.S.C. § 255(a). "A violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act." *Brock*

---

[3] While Plaintiff's NYLL claims are subject to a six-year statute of limitations period, *see* N.Y. Lab. Law § 663 (3), "where Plaintiffs are seeking relief under both the FLSA and the [NYLL], 'the growing trend in this district appears to be limiting the notice period to three years." *Alvarez v. IBM Restaurants Inc.*, No. 10-CV-5098 (ADS) (WDW), 839 F. Supp. 2d 580, 587 (E.D.N.Y. 2012) (citation omitted) (holding that a six-year notice period is inappropriate where, as in Chavez's case, Plaintiff did not address the size of the potential collective because recent cases authorizing a six-year period have done so out of judicial economy when the potential collective is small and Plaintiff affirmatively raised the collective's size).

*v. Superior Care, Inc.*, 840 F.2d 1054, 1062 (2d Cir.1988). Plaintiff alleges willfulness in the Complaint, Compl. at ¶¶ 18, 19, 47, and Defendants deny these allegations. *See* Def. Answer ¶¶ 13, 28. "Where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action." *McBeth v. Gabrielli Truck Sales, Ltd.*, No. 09-CV-4112 (LDW) (ETB), 768 F. Supp. 2d 396, 399 (E.D.N.Y. Feb 3, 2011) (citation omitted). Accordingly, the three-year limitation period applies.

b. Equitable Tolling of the Statute of Limitations

Plaintiff further moves the Court to equitably toll the statute of limitations for putative opt-in plaintiffs from the date the Named Plaintiff filed the instant motion, June 25, 2025, through the date of this Memorandum and Order. In their opposition, Defendants argue that tolling is unwarranted because Plaintiff does not meet the applicable standard. *See* Def. Opp. Ltr. at 3. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *DeSuze v. Carson*, No. 18-CV-180 (NGG) (RER), 442 F. Supp. 3d 528, 542 (E.D.N.Y. Mar. 5, 2020), *aff'd sub nom. DeSuze v. Ammon*, 990 F.3d 264 (2d Cir. 2021) (citation omitted). While equitable tolling is deemed appropriate in only rare and exceptional situations, this Court has held that certification of a collective action in itself justifies equitable tolling "to avoid inequitable circumstances" for plaintiffs that provide written consent to join the case. *Yahraes v. Rest. Assocs. Events Corp.*, No. 10-CV-935 (SLT), 2011 WL 844963, at *1-2 (E.D.N.Y. Mar. 8, 2011). Given the amount of

11

time that has passed since Plaintiff's filing of this motion, and the diligence of Plaintiff's counsel in prosecuting this case, equitable tolling is appropriate here. *See* DE [20]-[23] (Plaintiff moved for collective certification within three weeks of the parties' Initial Conference and filed its motion to certify on the same day that the Court granted Plaintiff's request to file for conditional certification). Accordingly, the Court grants Plaintiff's motion to equitably toll the three-year statute of limitations for the period between June 25, 2025, through the date of this Memorandum and Order.

### iii. Proposed Notice

Plaintiff too seeks an order granting the following notice-and-form relief: (i) directing Defendants to produce a computer readable list containing the addresses, phone numbers, primary languages spoken, dates of employment and rates of pay for putative class members within fourteen days; (ii) permitting for Plaintiff to send the notice *via* first class mail and SMS text message to all of Defendants' employees that fall within the putative class, along with a reminder notice 30 days after the initial mailing; (iii) permitting the Plaintiff to have certified translations made of all notices to Spanish, and any other languages Defendants identify, for distribution alongside the notices in English; (iv) establishing a 60-day opt-in period, from the mailing of the initial notice for putative members ("Opt-in Period"), and (v) ordering Defendants to post, and submit an affidavit establishing that, an unobstructed Notice of Pendency, in English and Spanish, has been placed on Defendants' gate throughout

the Opt-in Period. *See* Pl.'s Mem. at 4. Defendants articulate several objections. *See* Def. Opp. Ltr. at 2-3.

"The district court has discretion regarding the form and content of the notice." *Lopez v. Robbins*, No. 23-CV-00807 (LDH) (JMW), 2024 WL 4242142, at *7 (E.D.N.Y. Sept. 19, 2024) (citation omitted). "When exercising its broad discretion to craft appropriate notices in individual cases, district courts consider the overarching policies of the collective suit provisions." *Moore v. Eagle Sanitation, Inc.*, No. 11-CV-1855 (JS) (AKT), 276 F.R.D. 54, 60 (E.D.N.Y. Jul. 18, 2011) (citing *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. Oct. 5, 2007)) ("[t]he Notice provisions of 216(b) were intended to achieve judicial efficiency by settling the claims of similarly situated employees at the same time").

  a. Notice Period

Plaintiff proposes a 60-day opt-in period, to which Defendants do not object. Accordingly, in order to join the case, opt-in plaintiffs are required to submit a signed consent to Plaintiff's counsel within 60 days of the initial notice mailing. *See Cohan v. Columbia Sussex Mgmt.*, LLC, No. 12-CV-3203 (JS) (AKT), 2016 WL 1045532, at *12 (E.D.N.Y. Mar. 15, 2016) (holding that a 60-day notice for potential opt-in plaintiffs is common practice under the FLSA).

  b. Production of Contact Information

The Named Plaintiff also seeks an order directing Defendants to provide Plaintiff with "a computer readable list containing last known addresses, all phone

13

numbers, primary languages spoken, and dates of employment and rates of pay for the putative collective members within fourteen days of this Court's order." Pl.'s Mem. at 4. Defendants have no objection to this request. Courts routinely order discovery of potential opt-in named plaintiffs in FLSA collective actions. *See Fa Ting Wang v. Empire State Auto Corp.*, No. 14-CV-1491 (WFK) (VMS), 2015 WL 4603117, at *14 (E.D.N.Y. July 29, 2015) ("Disclosure of the names, addresses, telephone numbers, and email addresses of putative class members is commonplace in this district.") While primary language spoken, and rates of pay of putative class members may not be within the typical categories for discovery, this information request is reasonable. The request for the primary languages of employees is to ensure that they can comprehend the notice and the employees' rates of pay and dates of employment are relevant to determine if opt-in plaintiffs are in fact similarly situated to the Named Plaintiff. Accordingly, Defendants are to produce to the Plaintiff a computer-readable list with potential opt-in employees' names, addresses, phone numbers, their primary languages spoken, as well as their rates of pay and dates of employment on or before November 20, 2025.

  c. Distribution of Notice

With respect to the manner of distribution, Plaintiff requests permission to distribute the notice-and-consent forms to potential opt-in plaintiffs, *via* first-class mail, posting at Defendants' office, specifically at their gate, and SMS text messages, along with a reminder notice 30 days after the initial distribution. *See* Pl.'s Mem. at 4. Further, Plaintiff seeks to have certified translations made of all notices to Spanish

14

and any other languages Defendants identify when providing information as to potential opt-in plaintiffs. *Id*. Defendants object to distribution by SMS text message, posting at their facility, and the distribution of a reminder notice. *See* Def. Opp. Ltr. at 3.

This Court will permit Plaintiff to distribute the notice *via* first-class mail, SMS text messages, and posting at Defendants' facility, in a conspicuous, unobstructed location, frequented by employees. *See Cabrera v. Stephens*, No. 16-CV-3234 (ADS) (SIL), 2017 WL 4326511, at *8 (E.D.N.Y. Sept. 28, 2017) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail") (internal quotation marks and citation omitted); *see also, Millin v. Brooklyn Born Chocolate*, LLC, No. 19CV3346 (ENV) (RER), 2020 WL 2198125, at *3 (E.D.N.Y. May 6, 2020) ("There is no credible reason why notice should not be provided by email or text message, especially given the broad remedial purpose of the FLSA.") (citation omitted). Accordingly, Defendants shall post the notice in place visible to employees and file an affidavit confirming that they have posted it in an unobstructed and conspicuous location onsite.[4]

---

[4] Plaintiff requests that Defendants post an unobstructed notice on Defendants' gate for the 60-day Opt-in Period. Defendants object to the posting at the same location given that the notice would be viewed by the public. *See* Def. Opp. Ltr. at 3. The notice's target audience is current and former employees between 2022 and 2025. Posting in a location frequented by employees at Defendants' facility, along with SMS text message and first-class mail distribution will provide sufficient notice. Posting need not be on Defendants' gate.

15

Further, the Court will allow Plaintiff to send a reminder notice 30 days into the Opt-in Period, in the same manner that the initial notice was distributed. Defendants argue that the reminder notice is unnecessary. *See* Def. Opp. Ltr. at 3. Sending a reminder notice promotes the purpose of the FLSA. *See Chhab v. Darden Restaurants, Inc.*, 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013) ("Given that notice under the FLSA is intended to inform as many potential opt-ins as possible of the collective action and their right to opt-in, we find that a reminder notice is appropriate.") (citation omitted). Accordingly, the reminder notice may be sent.

Plaintiff is also permitted to have certified translated copies of the notices and accompanying forms to Spanish and other languages that Defendants identify as primary languages of its employees. *See Valerio v. RNC Indus., LLC*, No. 14CV3761 (LDW) (AKT), 314 F.R.D. 61, 76 (E.D.N.Y. 2016) ("Generally, courts permit notice to be translated into the mother tongue of non-English speaking groups of potential plaintiffs.") (citation omitted).

### d. Content and Form of Proposed Notice

Defendants raise several objections to the form of the Proposed Notice. First, Defendants state that Plaintiff's Proposed Notice "improperly requests that the potential collective members return notice to Plaintiff's counsel, rather than the Clerk of the Court." *Def. Opp. Ltr.* at 3. Further, Defendants object to the fact that the form only provides contact information for Plaintiff's counsel and not Defendants' counsel. *Id.* Finally, Defendants oppose that the Proposed Notice includes "unilateral default penalty language appointing Plaintiff and Plaintiff's counsel as

16

representatives of the opt-ins' claims upon a failure to check a box without providing adequate notice of a right or opportunity to cure by the prospective opt-in plaintiff." This Court approves Plaintiff's Proposed Notice.

"The form and substance of the proposed court-authorized notice of a collective action are left to the broad discretion of the district court." *Ding v. Mask Pot Inc.*, No. 20-CV-6076 (LDH) (MMH), 347 F.R.D. 417, 429 (E.D.N.Y. Oct. 8, 2024) (citation omitted). This Court rejects Defendants' objections relating to the form of the notice. The Proposed Notice appropriately directs that opt-in plaintiffs return the notice to Plaintiff's counsel. *See Ding.*, 347 F.R.D. at 434 (citing *Nahar v. Dozen Bagels Co. Inc.*, 2015 WL 6207076, at *7 (S.D.N.Y. Oct. 20, 2015)) ("Courts have recognized that sending the consent to the Clerk of the Court can be unnecessary and burdensome to the Court."); *see also Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 486 (S.D.N.Y. Aug. 3, 2016) (If "the notice makes explicit that opt-in plaintiffs can retain their own counsel if they choose, as the proposed notice here does, then it is acceptable and less cumbersome to have opt-in notices sent directly to [Plaintiff's] counsel").

Further, Defendants request that their attorneys' contact information, along with that of Plaintiff's be included on the notice and consent forms is denied. Including Defendants' contact information on the notice and forms is not required to render a form fair. *See Chhab v. Darden Restaurants*, Inc., 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013) ("Only plaintiffs' counsel can potentially represent the individuals to whom the notice is mailed, and only they should be privy to certain sensitive information that may otherwise fall within the attorney-client privilege.

17

Thus, it is appropriate that defendants' counsel not be listed as contacts on the form of notice.")

Finally, Defendants' object to the fact that Chavez's counsel, Borrelli & Associates, P.L.L.C. ("Borrelli"), serves as the default for the attorneys representing opt-in plaintiffs when the opt-in plaintiff fails to select a means of representation. *See* Def. Opp. Ltr. at 3. On the Proposed Consent Form opt-in plaintiffs are to check a line selecting one of the following: Borrelli, an attorney of the opt-in plaintiff's choosing, or pro se status. *See* DE [23-1]. This selection process does not imply that Borrelli is opt-in plaintiffs' only option for representation, so the default to Plaintiff's counsel when opt-in plaintiffs fail to make a selection is not unfair. *See Rosario v. Valentine Ave. Disc. Store, Co.*, No. 10-CV-5255 (ERK) (LB), 828 F. Supp. 2d 508, 520 (E.D.N.Y. Nov. 2, 2011) (approving a notice where the proposed language is "sufficient to inform opt-in plaintiffs of their right to retain separate counsel"); *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 59 (S.D.N.Y. Sept. 22, 2009) ("Because the notice states that opt-in plaintiffs can select their own counsel, there is only a minimal risk that opt-in plaintiffs will be discouraged from seeking their own counsel."). Accordingly, Defendants' application to change the default option for Borrelli representation when opt-in Plaintiffs fail to select an option for representation is denied.

Plaintiff is directed to finalize the Proposed Notice and Consent Forms and ensure that it complies this Memorandum and Order. Upon doing so, the Plaintiff is directed to serve Defendants with a copy of the finalized notice on or before November 20, 2025. The parties will file a joint letter motion for Court approval of the notice by

18

December 10, 2025, after such approval the Plaintiff is free to distribute notice to the putative collective members in accordance with the dissemination ordered herein.

### III. CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part Plaintiffs motion for conditional certification. This matter is conditionally certified as an FLSA collective action, with the class defined as all non-managerial laborer employees, who between January 24, 2022, and the present, performed any work for Defendants and who choose to opt-in to the case. Plaintiff is to serve Defendant with the finalized notice, which must comply with this Memorandum and Order, by November 20, 2025, and the parties are to file a joint letter motion for Court approval of the notice and its dissemination by December 10, 2025. Any objections to the notice's conformance with this Memorandum & Order should be included within the letter motion. A three-year statute of limitations will be applied and tolled from the time Plaintiff filed this instant motion, June 25, 2025, through the date of this Memorandum and Order, November 5, 2025.

As for Plaintiff's applications regarding the form of the notice: (i) Defendants are to produce a computer-readable list including the last known addresses, phone numbers, primary languages spoken, dates of employment and rates of pay for the putative collective members by November 20, 2025; (ii) after receiving Court approval of the notice and its dissemination, Plaintiff is permitted to send notice and consent forms *via* first class mail and SMS text message along with a reminder notice to be distributed in the same manner as the initial notice 30 days later; (iii) Plaintiff is

19

permitted to have certified translations for all notices, in the languages identified in Defendants' computer-readable list to be distributed alongside the English forms; (iv) putative collective members have 60 days to opt-in to this case following mailing of the initial notice; and (v) Defendants are directed to conspicuously post the approved notice of lawsuit in their office, and file an affidavit with this Court as proof. The parties will appear for a status conference at 11:30 AM on January 13, 2026, in Courtroom 820 before Magistrate Judge Steven I. Locke.

Dated: Central Islip, New York
   November 5, 2025

**SO ORDERED**

 s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge